SATTERFIELD *v.* LOOPER.

Opinion delivered July 10, 1922.

1. COMPROMISE AND SETTLEMENT—SUFFICIENCY OF EVIDENCE.—In an action by a landlord to recover from the sublessee a portion of the rent owing from the original lessee for the land occupied by the sublessee, evidence *held* to sustain finding that the landlord accepted a portion of the crops grown on the premises in satisfaction of the sublessee's portion of the rent.

2. COMPROMISE AND SETTLEMENT—CONSIDERATION.—Delivery to the landlord by the sublessee of a portion of the crop grown on the land occupied by the sublessee was sufficient consideration for the landlord's agreement to accept the crops in full satisfaction of the rent due to him by the sublessee.

3. APPEAL AND ERROR—ASSIGNMENT OF ERROR—MOTION FOR NEW TRIAL.—A contention of error in giving an instruction does not require a reversal where the motion for new trial did not contain an assignment of error on that ground, although the instruction was objected to.

Appeal from Yell Circuit Court, Danville District; *A. B. Priddy,* Judge; affirmed.

*John M. Parker,* for appellant.

McCULLOCH, C. J. Appellant owned a farm containing 154 acres of land in cultivation, and he rented it to one Haney for the year 1920, the rent to be payable in money at a certain price per acre. Haney sub-rented fifty-five acres of the land to appellee under a contract whereby appellee agreed to pay, as rent, certain shares of the corn and cotton. Haney failed to pay the rent to appellant, who instituted this action against appellee to recover the proportionate part of the rent due on the land sub-rented to appellee, according to the terms of the contract between appellant and Haney.

The defense made by appellee in the trial below was that, after the crop had become matured and a small portion of it gathered, appellant entered into a contract with him to accept all of the ungathered portion of the corn and cotton in satisfaction of appellee's liability for rent, and that pursuant to that agreement he delivered the ungathered crop to appellant. This issue was tried out be-

fore the jury upon conflicting testimony, and the jury returned a verdict in favor of appellee.

The court, in its charge to the jury, narrowed the issues down to the sole question concerning the alleged settlement between the parties by delivery of the ungathered portion of the crop.

It is contended, first, by appellant that there was no testimony to support the verdict on that issue, but we think there was testimony which was legally sufficient to support the verdict. It is true there are sharp conflicts in the testimony on this issue, but the verdict of the jury settled that conflict in favor of appellee's contention. Appellee testified positively that after a portion of the crop had been gathered he offered to turn over the balance of the crop—all the corn and cotton left in the field—to appellant in satisfaction of the rent, and that appellant accepted the proposition and agreed to have the crop gathered. His statement was that appellant first agreed to accept, as his rent, a share of the crop in accordance with appellee's contract with Haney, and that he (appellee) sold the crop to one George with the understanding that the latter was to comply with the agreement, but that about a week later George turned the crop back to him, and that he then turned it over to appellant, who agreed to accept it in satisfaction of the rent. Appellant denies this, but it was a question for the jury to determine. There was another witness who corroborated appellee by testifying that appellant tried to hire him to pick appellee's cotton.

It is next contended that there was no consideration for this agreement, and that, even if it was made, it did not operate as a satisfaction of appellant's claim for rent. This contention is not sound, for the reason that there was no contractual relation between appellant and appellee; appellee was merely liable for the rent by virtue of the statute, which provides that in case of subrenting of lands the occupant shall be responsible for the rent of such part of the lands as are cultivated or occupied

by him. Crawford & Moses' Digest, § 6982. There fore the contract of settlement by delivery of the crop constituted a new undertaking on sufficient consideration for the settlement of the liability. The consideration was the delivery of the crops, and the evidence was sufficient to show that there was such a delivery.

Finally, it is contended that the court erred in giving an instruction on the subject of burden of proof, but the motion for a new trial does not contain an assignment of error on that ground. The instruction was objected to when given, but the exception was not preserved by proper assignment in the motion for a new trial.

Judgment affirmed.